FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01150-BNB

RICHARD S. McINTOSH,

    Plaintiff,

v.

HARLEY G. LAPPIN, Individually, and In His Official Capacity as Director,
JOYCE CONLEY, Individually, and In Her Official Capacity as Assistant Director,
MICHAEL K. NALLEY, Individually, and In His Official Capacity as Regional Director,
RONNIE WILEY, Individually, and In His Official Capacity as Warden,
BLAKE R. DAVIS, Individually, and In His Official Capacity as Warden,
SARA M. REVELL, Individually, and In Her Official Capacity as Warden,
W.A. SHERROD, Individually, and In His Official Capacity as Warden,
RUSSELL RAY, Individually, and In His Official Capacity as Associate Warden,
KEVIN MURPHY, Individually, and In His Official Capacity as Associate Warden,
MS. NELSON, Individually, and In Her Official Capacity as Associate Warden,
E.A. STEPP, Individually, and In His Official Capacity as Warden,
MR. SPROUL, Individually, and In His Official Capacity as Unit Manager,
BUDDY ADELSBERGER, Individually, and In His Official Capacity as Unit Manager,
MS. CARNEY, Individually, and In Her Official Capacity as Unit Manager,
MS. FLUCK, Individually, and In Her Official Capacity as Case Manager,
GERALD BOZMAN, Individually, and In His Official Capacity as Case Manager,
RANDY DAVIS, Individually, and In His Official Capacity as Warden,
MARTHA SANTIAGO, Individually, and In Her Official Capacity as Case Manager,
MS. KRIST, Individually, and In Her Official Capacity as S.I.A.,
MR. KRIST, Individually, and In His Official Capacity as Captain,
JOHN VANYUR, Individually, and In His Official Capacity as Assistant Director, and
OTHER PARTIES, Name [sic] Unknown, Individually and In Their Official Capacities
    Relating to a "Validation" Process,

    Defendants.

## ORDER OVERRULING OBJECTION

This matter is before the Court on the "Objection to Magistrate Judge Boland's Order - Document Number 5" filed *pro se* by Plaintiff, Richard S. McIntosh, on May 13, 2011. The Court must construe Mr. McIntosh's filings liberally because he is a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

On May 4, 2011, Mr. McIntosh was granted leave to proceed *in forma pauperis* and directed to pay an initial partial filing fee of $11.00 or show cause why he could not by filing a current certified copy of his inmate account statement. On May 12, 2011, Mr. McIntosh filed a motion requesting that the Court issue an order compelling the Bureau of Prisons to send the initial filing fee of $11.00 or a certified inmate account statement to the Court. Mr. McIntosh did not indicate that the BOP had denied him a money order or a certified inmate account statement, but merely stated that the May 4 Order "place[d] an undue hardship on McIntosh as he has no authority to compel the Bureau of Prisons to comply with any requests." Motion (Doc. # 4) at 1. Magistrate Judge Boland denied the request by minute order dated May 13, 2011, noting that it was Mr. McIntosh's responsibility to make the necessary arrangement to obtain either a money order or an account statement, and that Mr. McIntosh had not demonstrated any reason why he could not comply with this requirement.

Mr. McIntosh objects to the May 13 minute order. He argues that "Magistrate Judge Boland mistakenly assumes the BOP has the professional integrity to comply with a request made by a low life, scumbag, redneck, inmate such as McIntosh."

2

Objection at 2. He further asserts that the thirty-day time frame imposed by Magistrate Judge Boland does not provide adequate time for Mr. McIntosh to comply with the order.

Having reviewed the file, the Court finds that Magistrate Judge Boland's May 13 minute order is neither clearly erroneous nor contrary to law. It remains Mr. McIntosh's responsibility to make the necessary arrangements to have either the $11.00 filing fee, or a certified inmate account statement, sent to the Court. However, to the extent that Mr. McIntosh requests additional time to comply with this requirement, the request will be granted. Mr. McIntosh will be allowed thirty days from the date of this order in which the comply with the May 4 Order granting him leave to proceed *in forma pauperis* and directing him to pay an initial partial filing fee or show cause why he cannot. Failure to do so within the time allowed will result in the dismissal of the instant action. Accordingly, it is

ORDERED that the Objection (Doc. # 6) that Plaintiff, Richard McIntosh, submitted to and filed with the Court *pro se* on May 23, 2011, is overruled. It is

FURTHER ORDERED that Mr. McIntosh is allowed **thirty (30) days from the date of this order** in which to comply with the May 4, 2011, order granting him leave to proceed pursuant to 28 U.S.C. § 1915. It is

3

FURTHER ORDERED that, if Mr. McIntosh fails to comply with the May 4 Order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this __25th__ day of _____May_____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01150-BNB

Richard S. McIntosh
Reg No. 02012-028
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on May 25, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk