IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01150-PAB-CBS

RICHARD S. McINTOSH,

    Plaintiff,

v.

HARLEY G. LAPPIN, et al.,

    Defendants.

---

**ORDER**

---

Plaintiff, who appears in this action pro se, initiated this lawsuit on April 29, 2011, bringing claims against a number of defendants in both their official and individual capacities. *See* Docket No. 1. The case is now before the Court on the Recommendation of Magistrate Judge Regarding Pending Motions to Dismiss (the "Recommendation") [Docket No. 132] filed on August 13, 2012. The magistrate judge recommends that the Court grant defendants' motions to dismiss [Docket Nos. 66, 105]. The individual capacity defendants filed timely objections [Docket No. 134] to the Recommendation. On August 29, 2012, plaintiff filed a motion requesting leave to amend his complaint [Docket No. 136]. In that motion, plaintiff also requested, in the event the motion to amend were denied, an extension of time to file objections to the Recommendation. The Court decided to resolve the request for an extension of time prior to resolving the motion to amend and granted plaintiff until September 6, 2012 to file any objections to the Recommendation. *See* Docket No. 138. On September 13, 2012, plaintiff filed a motion requesting leave to file his objections out of time [Docket

No. 140]. The Court finds that there is good cause to grant that request and will consider plaintiff's objections [Docket No. 141]. The pending motions are ripe for disposition.

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). He is currently incarcerated in the general population at the BOP's Administrative Maximum ("ADX") facility in Florence, Colorado. During all times relevant to the claims in this action, plaintiff was being held in "control units" due to allegations that plaintiff participated in the murder of a fellow inmate. "In an effort to maintain a safe and orderly environment within its institutions, the [BOP] operates control unit programs intended to place into a separate unit those inmates who are unable to function in a less restrictive environment without being a threat to others or to the orderly operation of the institution." 28 C.F.R. § 541.40. Plaintiff's control unit placement, which commenced in the summer of 2000, was originally set to continue for 60 months. In this action, plaintiff asserts procedural and substantive due process, Eighth Amendment, equal protection, and First Amendment claims all arising from his allegations that he was inappropriately held in control units for 127 months (claims one, two, and three) and suffered retaliation when he complained about the failure to be released from control units (claims four and five).

The magistrate judge recommends that all of plaintiff's claims be dismissed. Specifically, the Recommendation concludes that plaintiff's claims for declaratory and injunctive relief against defendants in their official capacities should be dismissed with prejudice. The magistrate judge further recommends that all claims against defendants in their individual capacities which accrued prior to April 29, 2009 should be dismissed

without prejudice as untimely. Finally, the magistrate judge found that the remaining aspects of all five claims should be dismissed without prejudice as to defendants in both their official and individual capacities for failure to state a claim.

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Having done so, the Court agrees with the Recommendation's conclusion that plaintiff's claims must be dismissed.[1] However, because plaintiff's first, second and third claims against the official capacity defendants for declaratory and injunctive relief are moot and are barred by sovereign immunity to the extent they seek monetary damages, they must be dismissed without prejudice for lack of subject matter jurisdiction to that extent. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) ("We have no subject-matter jurisdiction if a case is moot."); *Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997) (stating that when "the United States retains its sovereign immunity . . . the district court lacks subject matter jurisdiction to hear the suit").

The individual capacity defendants filed objections wherein they argue the

---

[1] There are two issues plaintiff raises in his objections that are worth addressing briefly. First, in regard to the dismissal of his claims on statute of limitations grounds, plaintiff points out that he filed his complaint seven months after exhausting his administrative remedies. "[T]he statute of limitations is not automatically tolled whenever an individual pursues administrative remedies," *Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010), and plaintiff fails to cite any persuasive basis to toll the statute of limitations in this action. *Cf. Adams v. Wiley*, 398 F. App'x 372, 374 (10th Cir. 2010). Plaintiff also argues that defendants conceded in a case filed in 2007 that prisoners have a liberty interest in avoiding control unit assignment and, therefore, should be estopped from denying that here. The Court, however, resolves that legal issue based on the circumstances presented in this case pursuant to the current state of the law.

dismissals for failure to state a claim should have been with prejudice because (1) there is no remedy pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971), available to plaintiff for his first, fourth, and fifth claims and (2) the rights at issue were not clearly established, thus entitling the individual defendants to qualified immunity. *Cf.* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Defendants fail to persuade the Court that it should resolve the issue of whether and to what extent a *Bivens* remedy might be extended to these claims where the underlying claims clearly fail on other grounds. The Court is hesitant to address that question by reference to the claims as presently, and inadequately, pled. As for defendants' qualified immunity argument, they fail to explain why dismissing the claims on the first prong of the qualified immunity analysis does not "best facilitate the fair and efficient disposition of [this] case." *Pearson v. Callahan*, 555 U.S. 223, 242 (2009).

      The only potential prejudice to defendants of having the claims dismissed without prejudice is the prospect, which was acknowledged by the Recommendation, *see* Docket No. 132 at 50, that plaintiff might be afforded leave to amend. First, the magistrate judge did not recommend that the Court grant plaintiff leave to amend, but rather he put plaintiff "on notice" of the requirements of Fed. R. Civ. P. 11 if plaintiff were given such leave. *See* Docket No. 132 at 50. Second, although plaintiff has filed a motion requesting leave to amend his complaint [Docket No. 136], he has failed to attach a proposed pleading or otherwise indicate in his objections what facts he can

allege that would save any of the claims he has asserted in this case.  *See Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (court may deny leave to amend complaint where the amendments would be futile).  The Court therefore has no basis upon which to grant him the requested leave.

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion to file objections out of time [Docket No. 140] is GRANTED.  It is further

**ORDERED** that the Recommendation of Magistrate Judge Regarding Pending Motions to Dismiss [Docket No. 132] is ACCEPTED in part.  It is further

**ORDERED** that the motion to dismiss filed by the defendants in their official capacities [Docket No. 66] is GRANTED and the motion to dismiss filed by defendants in their individual capacities [Docket No. 105] is GRANTED in part and DENIED in part.  It is further

**ORDERED** that plaintiff's motion to amend his complaint [Docket No. 136] is DENIED.  It is further

**ORDERED** that plaintiff's complaint is dismissed without prejudice and this case is closed in its entirety.

DATED September 26, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge